### Seaboard National Bank *v.* Central Trust and Savings Company, Appellant.

*Banks and banking—Check for collection—Payment by bank before collection—Suit to recover amount paid—Agreement between collecting and drawee bank—Defenses—Case stated—Judgment for plaintiff.*

In an action by a collecting bank to recover from its principal the amount of a check forwarded to plaintiff by defendant for collection, and which was dishonored after plaintiff had paid the amount thereof to defendant, the defense was that the check had been paid; it appeared that plaintiff had made an agreement with the bank upon which the check was drawn that checks presented for collection should be paid immediately and that if during business hours of the day of presentment any of such checks should be dishonored plaintiff should reimburse the drawee bank in the amount thereof; that the check in question was presented to the drawee bank and paid, and that during business hours of the same day, it was returned to plaintiff as worthless, and that plaintiff immediately reimbursed the drawee bank for the amount of such check. It appeared that defendant was ignorant of the arrangement between plaintiff and the drawee bank until after the drawee bank had been reimbursed for its payment of the check. On a case stated to determine plaintiff's right to recover from defendant the amount of the check, the lower court entered judgment for plaintiff. *Held,* no error.

Monongahela National Bank v. First National Bank of California, Pa., 226 Pa. 270, distinguished.

Argued March 23, 1916. Appeal, No. 21, Jan. T., 1916, by defendant, from judgment of C. P. No. 4, Philadelphia Co., Sept. T., 1915, No. 1206, for plaintiff on case stated in Seaboard National Bank v. Central Trust and Savings Company. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit to recover the amount of a check paid by plaintiff to defendant.

The facts appear in the following opinion by AUDENRIED, P. J.:

The plaintiff is a New York bank. The defendant carries on a banking business in Philadelphia. The latter entrusted to the former for collection a check drawn on the Empire Trust Company of New York City by one Dockendorff. Without waiting to present the check, the plaintiff, immediately on its receipt, paid the defendant its amount.

It is claimed by the plaintiff that the check has not been paid; and this action was brought to recover the sum remitted the defendant in anticipation of its collection. The defense set up is that the plaintiff has received payment of the check.

On the facts before the court no question arises as to negligence on the part of the plaintiff in carrying out the duty that it undertook to perform. Nor is there ground for argument that, even if the check has not been paid, the plaintiff is estopped from asserting that fact.

The question presented is a simple one,—can it be said on the facts agreed upon that, so far as the defendant is concerned, the plaintiff has not received payment of the check above referred to?

Reduced to their baldest statement the facts bearing on this question are as follows:

On receipt of the Dockendorff check from the defendant, the plaintiff presented it at the office of the trust company on which it was drawn, and received the sum for which it called. The money was paid by the drawee and received by the plaintiff under an agreement of long standing between them that checks on the former should, if presented by the latter, be paid immediately, "subject to correction" at anytime during the business hours of the same day, the plaintiff being bound to reimburse the drawee to the extent of all such checks returned by it within the time mentioned   Before the close of business

hours on the date of its presentation the Dockendorff check was returned by the Empire Trust Company to the plaintiff; and the plaintiff forthwith refunded what it had received on it.

It is argued on behalf of the defendant that the plaintiff's agency to act for it with respect to the check ceased as soon as the money was paid by the drawee; that the plaintiff had no authority to bind it by accepting the return of the check; and that all that the plaintiff was authorized to do in the matter after it had received the money was to retain for the defendant's account the proceeds of the collection; and it is urged that, under the view adopted by the Supreme Court in Monongahela National Bank v. First National Bank of California, Pa., 226 Pa. 270, the return of the money received from the Empire Trust Company affords no basis for the plaintiff's demand for reimbursement by the defendant.

This would undoubtedly be a good answer to the claim of the plaintiff, if the facts on which it is advanced were the same as those in the case referred to.

There the money received from the bank on which the check was drawn was handed over upon presentation of the check without any special agreement as to its application; and the fact that the check was thereby paid was not questioned. The collecting bank was, of course, bound to remit to its correspondent the money that thus came into its hands and could not pay it back to the drawee at the expense of the latter.

In the case at bar, however, the money was received by the plaintiff from the drawee upon the distinct agreement between them that it was not given in absolute payment of the check. It was understood by both these parties that, if, after examination of the check and of the account of the drawer, the Empire Trust Company should, within the day, notify the plaintiff that it had decided not to accept and pay the check, its money was to be repaid to it. Until the close of business hours on that day the check was not to be regarded as paid. In other

words, the money received by the plaintiff was to be applied to the payment of the check only upon condition that notice of its dishonor was not given to it within the time appointed; and pending its application to the payment of the check it was to be held for the use of the Empire Trust Company.

As this condition was not fulfilled, the money did not become applicable to the payment of the check. The defendant, consequently, never acquired an interest in it, and has no standing to object to its repayment to the Empire Trust Company in performance of the trust upon which the plaintiff accepted it.

It is immaterial that until after the money was returned the defendant was ignorant of the terms of the agreement under which the drawee had paid it. If that arrangement was one that fell within the scope of the plaintiff's authority as collecting agent, the defendant was bound by it and cannot now be heard to complain that it has been carried out. If, on the other hand, the plaintiff's agency gave it no right to deal as it did with the Empire Trust Company, while the defendant may repudiate the agreement under which the money was received, yet, should it elect to do so, it must provide for the return of the money. The plaintiff's receipt of the money, the agreement in regard to its use, and its return to the Empire Trust Company constituted together but one transaction. This must be ratified or disapproved as a whole. The defendant will not be permitted to claim the benefit of the contract made by its agent while it repudiates the contract, Penn. Natural Gas Company v. Cook, 123 Pa. 170. To express the thought in somewhat different form, unless the defendant concedes (as it does not), that the plaintiff properly refunded the money received from the Empire Trust Company, it cannot assert that the money was ever received by the plaintiff.

For the reasons above outlined the question on which this case turns must be answered negatively. The

plaintiff has not received payment of the check entrusted to it by the defendant.   It follows, therefore (since it is well settled law that, if a collecting bank pay its principal the amount of the check forwarded to it for collection, and that check is not honored, it may recover from its principal the amount that it has paid to the latter: Rapp, et al., v. National Security Bank, of Philadelphia, 136 Pa. 426; Union Safe Deposit Bank v. Strauch, 20 Pa. Superior Ct. 196, that judgment must be entered in favor of the plaintiff.

The lower court entered judgment for the plaintiff on the case stated.   Defendant appealed.

*Error assigned* was in entering judgment for the plaintiff.

*James McMullan* and *Abraham M. Beitler,* for appellants.

*Frank P. Prichard,* with him *Parker & Aaron,* for appellee.

PER CURIAM, April 17, 1916:

The judgment is affirmed on the opinion of the learned president judge of the court below.